USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OWEN HARTY,

                        Plaintiff,

-against-

NEWBURGH COMMERCIAL
DEVELOPMENT CORP.,

                        Defendant.

17-cv-07788 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

On October 11, 2017, Plaintiff Owen Harty ("Plaintiff") commenced this action against Newburgh Commercial Development Corp. ("Defendant") for injunctive relief, attorney's fees, litigation expenses, and costs under the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12181 *et seq.* He also seeks damages under New York State Human Rights Law ("NYSHRL"), NYS Exec. Law Section 296(2)(a). (*See* Complaint, ECF No. 1.)

On August 17, 2018, Plaintiff filed a Motion for Default Judgment, (*see* Plaintiff's Motion for Default ("Pl. Motion"), ECF No. 8.), and on November 24, 2018, following a Show Cause Hearing, Defendant filed an Opposition to Plaintiff's Motion. (*See* Defendant's Opposition, ("Def, Opp."), ECF No. 14.).

Presently before the Court is Defendant's Opposition to Plaintiff's Motion for Default Judgment. For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

The following facts, taken from Plaintiff's Complaint, are deemed true for purposes of this motion. Plaintiff is a Florida resident who qualifies as an individual with disabilities under the

1

ADA. (Complaint. ¶ 1.) Plaintiff has visited Defendant's property ("the Property"), which is in Newburgh, New York, and Plaintiff plans to return there to avail himself of the goods and services it offers. (*Id.* ¶¶ 4, 6.) Plaintiff has encountered architectural barriers at the Property, which allegedly discriminate against him due to his disability and endanger his safety. (*Id.*) Plaintiff has suffered and will continue to suffer direct and indirect injury until Defendant is compelled to comply with the ADA. (*Id.* ¶ 7.)

Plaintiff seeks to inspect Defendant's property in order to photograph and measure the discriminatory acts violating the ADA and all other barriers to access. (*Id.* ¶ 12.) Plaintiff believes that he, and others who are similarly situated, are entitled to injunctive relief, requiring Defendant to remove all the existing architectural barriers to the physically disabled. (*Id.* ¶¶ 12-15.) Plaintiff thus seeks a declaratory judgment, injunctive relief, an award of attorney's fees, costs, litigation expenses, an award of damages, and any other relief the Court deems just and proper.

## PROCEDURAL HISTORY

On February 16, 2018, the Clerk of the Court issued Plaintiff a Certificate of Default. (*See* ECF No. 7.) On August 17, 2018, Plaintiff attempted to file a Motion for Default Judgment, but it was incorrectly filed on the docket. (*See* ECF No. 8.)

Subsequently, on October 3, 2018, this Court issued an Order to Show Cause, directing the Defendant to explain why an order should not be issued pursuant to Fed.R.Civ.P. 55. Shortly after this Order was issued, counsel for Newburgh Commercial Development Corporation filed a Notice of Appearance. (ECF No. 10.) This Court then held a Show Cause Hearing on November 2, 2018, and the Court directed Defendant leave to file an opposition to Plaintiff's Default Judgment by November 23, 2018. (*See* Minute Entry Dated 11/02/2018.)

On November 24, 2018, one day after the Defendant's submission deadline, Defendant filed its Motion Opposing Plaintiff's Default Judgment. (*See* ECF No. 14.) Defendant did not seek leave from the Court to file this Motion one day late. Five days later, Plaintiff filed its Reply in support of its original Motion for Default Judgment. (*See* ECF No. 15.)

## DISCUSSION

### Legal Standard

Fed.R.Civ.P. 55 establishes a two-step process in the event of a defendant's default. First, the Clerk of the Court must enter the defendant's default if she fails to "plead or otherwise defend" in response to a properly served and filed complaint. Fed.R.Civ.P. 55(a); *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). Second, a default judgment may then be entered if the complaint sets forth a valid claim and the plaintiff has established its entitlement to a specific amount of damages. Fed.R.Civ.P. 55(b).

The defaulting party may move to vacate either the entry of default after step one, or the entry of a default judgment after step two. *Id.* at Rule 55(c). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

In exercising this discretion, "[i]t is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard." *Id.* at 96. But "a trial court's desire to move its calendar should not overcome its duty to do justice." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Default judgments are disfavored and there is a strong

3

preference for the resolution of claims on the merits. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981); *Enron*, 10 F.3d at 96 ("a district court should grant a default judgment sparingly . . ..").

At the same time, a defaulting party who seeks to vacate a default entry or judgment may not do so seamlessly. Rather, the defaulting party must show why there is "good cause" to do so. In determining whether good cause exists for relieving a party from a finding of default under Rule 55(c), courts consider "[1] the willfulness of the default, [2] the existence of a meritorious defense, and [3] the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

**Application**

*1. Willfulness*

A finding of willfulness is appropriate where "there is 'evidence of bad faith' or the default arose 'from egregious or deliberate conduct.'" *See Holland v. James*, No. 05-CV-5346, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)).

Defendant argues that its default was not willful because, until recently, the Defendant's company was under control of Vincent Cappelletti, who has been under contentious litigation for mismanaging the company, and he failed to change the registered address with the New York State Department of State. (*See* Def. Opp. ¶ 9.) Plaintiff, however, argues that Defendant's default was willful because Defendant failed to submit evidence proving that its failure to update its address service of process address was not willful. (Pl. Rep. ¶ 14.)

The Court finds that Defendant's conduct and default was not willful. Defendant has submitted the sworn Declaration of Victor Cappelletti explaining that due to Vincent Cappelletti's mismanagement, Defendant did not change the registered address with New York Department of

State until after the Complaint was purportedly served at the wrong address. (*See* Def. Opp. ¶ 9.) At this early stage of the litigation, and while there is only an entry of default and not a default judgment pending, Victor Cappelletti's sworn declaration, under penalty of perjury, is sufficient proof against willfulness. (*See* Declaration of Victor Cappelletti, ECF No. 14-2 ¶¶ 1-4.) Accordingly, this factor weighs in Defendant's favor.

2. *Existence of a Meritorious Defense*

For a defense to be meritorious at this stage, it need not be ultimately persuasive. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Instead, "[a] meritorious defense exists if based on the defendant's version of events, the factfinder has some determination to make." *Id.* (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir.1988)).

Here, Defendant raises the meritorious defense that the properties at issue are all, in every possible respect, compliant with al local, state, and federal rules. (Def. Mem. ¶ 13.) While Plaintiff argues that Defendant has provided no proof in support of its position, (Pl. Rep. ¶ 18.) Plaintiff has also provided no proof supporting its own position. (*See id.*; Pl. Rep.)

Further, as the Court already noted, Victor Cappelletti's sworn declaration is more than simply a conclusory allegation. Because a factfinder would have to determine, based on the record produced during discovery, whether Defendant has complied with local, state, and federal rules, the Court finds that there is a plausible meritorious defense such that this factor weighs in Defendant's favor.

3. *Prejudice*

"Prejudice results when delay causes the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d

907, 916 (2d Cir.1983). Additionally, "delay alone is not a sufficient basis for establishing prejudice." *Id.*

Here, Plaintiff offers no explanation of why he would be prejudiced by allowing the Court to reach the merits of the instant litigation. While Plaintiff emphasized that Defendant's Opposition was filed one day late, (Pl. Rep. ¶ 6), the Court deems this delay *di minimis* in light of the fact that: 1) Plaintiff waited almost one year to file its Motion for Default Judgment, 2) Discovery has not commenced, 3) Defendant's one-day delay has not caused evidence to have been lost or destroyed, and 4) opportunities for fraud have not ensued. *See Ward v. Ramkalawan*, No. CV 11-4295, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013), *report and recommendation adopted*, 2013 WL 1149068 (E.D.N.Y. Mar. 19, 2013). Accordingly, this factor too weighs in favor of Defendant.

## CONCLUSION

For the forgoing reasons, Defendant's Opposition to Plaintiff's Motion for Default Judgment is GRANTED. The Clerk of the Court is directed to vacate the entry of default at ECF No. 7. Defendant is directed to file its Answer on the docket by October 11, 2019. The parties are also directed to submit a Case Management Plan (attached) by October 11, 2019.

Dated: September 20, 2019  
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge

UNITED STATES DISTRICT COURT　　　　　　　　　　　　Rev. Jan. 2012
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

　　　　　　　　　　　　　　　　　　　　　　　CIVIL CASE DISCOVERY PLAN
　　　　　　　　　　　　Plaintiff(s),　　　　　　AND SCHEDULING ORDER

　　- against -


　　　　　　　　　　　　Defendant(s).　　　____ CV _____ (NSR)

------------------------------------------------------------x

　　　　This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.

Dated: White Plains, New York
       _____

                                                    _____
                                                    Nelson S. Román, U.S. District Judge